## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN BROOKS,                          :
                *Petitioner*,          :          CIVIL ACTION
                                     :
        **v.**                              :
                                     :
LAWRENCE MAHALLEY, et al.,               :          No. 16-2013
                *Respondents.*       :

## M E M O R A N D U M

PRATTER, J.                                                    AUGUST 16, 2019

Petitioner Steven Brooks seeks habeas corpus relief in challenging his state court convictions for robbery, criminal conspiracy, simple assault, and burglary. Mr. Brooks is serving a 15 to 30-year sentence. After the Report and Recommendation of Magistrate Judge David R. Strawbridge (the "R&R") recommended denying Mr. Brooks' Petition, Mr. Brooks filed objections. As set forth below, Mr. Brooks' objections are overruled and the R&R is adopted in full.

### LEGAL STANDARD

This Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996.

### 1. Exhaustion

Under AEDPA, a federal court may not grant a petition for habeas corpus unless the applicant has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1). The exhaustion requirement ensures that state courts are provided with the first opportunity to review federal constitutional challenges to state court convictions, thus preserving the role of state courts in protecting federally guaranteed rights. Rose v. Lundy, 455 U.S. 509, 515–19 (1982). To satisfy the exhaustion requirement, a petitioner must demonstrate that he has "fairly presented" all claims

in the federal petition to the state courts, including the highest court in which the petitioner was entitled to review. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). The fair presentation requirement is met when a petitioner "present[s] a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citations omitted).

An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no further state remedies. See Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002). Petitioners may pursue procedurally defaulted habeas claims in federal court in limited circumstances, however. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (courts may review an unexhausted habeas claim where there is "sufficient probability" that failure "will result in a fundamental miscarriage of justice."). The Supreme Court identified one such exception in Martinez v. Ryan, 566 U.S. 1 (2012). Martinez states that a habeas petitioner's failure to exhaust a claim during state court collateral review is excused if (1) counsel's failure, during state court collateral review, satisfies the test for ineffective assistance of counsel identified in Strickland v. Washington, 466 U.S. 668 (1984), and (2) that failure was "substantial," i.e., has "some merit." Martinez, 566 U.S. at 14.

### 2. Substantive Review

When a petitioner challenging his state court conviction brings a properly exhausted habeas claim (or a claim within an exception to the procedural default rule), § 2254(d) permits the federal court to grant a petition only if (1) the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); see Parker v.

Matthews, 567 U.S. 37, 40–49 (2012) (overturning a Sixth Circuit decision granting habeas relief because the state court's decision denying relief was not objectively unreasonable); Garrus v. Sec'y Pennsylvania Dept. of Corr., 694 F.3d 394, 400 (3d Cir. 2012). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362 (2000).

A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407–08. For "a reviewing federal court to find a state court's application of Supreme Court precedent 'unreasonable,' the state court decision must be more than incorrect or erroneous; it must have been objectively unreasonable." Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Wiggins v. Smith, 539 U.S. 510, 520 (2003)).

## DISCUSSION

Mr. Books' Petition raises various claims for ineffective assistance of counsel, all of which the R&R recommends denying. Mr. Brooks objects to the R&R on four grounds: (1) the R&R failed to grant Mr. Brooks an evidentiary hearing regarding his trial counsel's failure to object to evidence allegedly destroyed by the Commonwealth, (2) the R&R failed to account for unusual circumstances surrounding fingerprint evidence against Mr. Brooks, to which his trial counsel did not object, (3) the R&R failed to consider the potential exculpatory value of evidence allegedly destroyed by the Commonwealth and to which trial counsel did not object, and (4) the R&R failed to *sua sponte* determine that Mr. Brooks' ineffective assistance of counsel claims were not procedurally defaulted.

The Court addresses each of Mr. Brooks' objections to the R&R in turn (grouping together objections one and three), but must first place the objections in context, as they interact with the necessary ineffective assistance of counsel analysis.[1] Mr. Brooks alleges in his Petition that trial counsel was ineffective for failing to raise several evidentiary objections; however, Mr. Brooks did not raise his ineffective assistance of counsel claims in his timely PCRA petition. Therefore, before the Court can address trial counsel's effectiveness or ineffectiveness, the Court must first determine whether Mr. Brooks' **PCRA counsel** was ineffective by failing to raise the claims regarding **trial counsel's** ineffectiveness. See Martinez, 566 U.S. at 14. The Court's ineffective assistance of counsel inquiries proceed in two steps. At step one, the Court assesses the actions of PCRA Counsel, determining whether **PCRA counsel**'s alleged ineffectiveness is actionable. If the Court were to determine that PCRA counsel was ineffective, the inquiry would move to step two. At step two, the Court would asess the effectiveness of **trial counsel**. For each of Mr. Brooks' objections, the Court need not proceed past step one.

1. **Objections 1 and 3: Ineffective Assistance of Trial Counsel in Failing to Object to Allegedly Destroyed Evidence**

Mr. Brooks' first and third objections to the R&R argue that he was entitled to an evidentiary hearing to determine whether there was exculpatory value in various pieces of evidence that the Commonwealth allegedly destroyed, after trial counsel failed to object to the evidence's destruction.[2] As discussed in the R&R, the record does not contain evidence sufficient to excuse

---

[1]    Ineffective assistance of counsel claims are governed by the familiar two-part standard set forth in Strickland v. Washington, 466 U.S. 668 (1984): "Failure to make the required showing of either deficient performance [of counsel] or sufficient prejudice [to the defendant] defeats the ineffectiveness claim." Id. at 700.

[2]    Mr. Brooks also cites to Rules 4 and 5 Governing Section 2254 and 2255 cases. These rules do not assist Mr. Brooks.

Mr. Brooks' procedural default under <u>Martinez</u> because his PCRA counsel was not ineffective for failing to include a destruction of evidence claim in Mr. Brooks' PCRA petition.

The failure of Mr. Brooks' PCRA counsel to raise his destruction of evidence claim did not result in any discernible prejudice and was not deficient. Under <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1988), the failure to "preserve evidentiary material that might be useful to a criminal defendant" only violates the Fourteenth Amendment if it was done in bad faith. <u>Id.</u> at 52, 58. Here, as described in the R&R, Mr. Brooks (1) has not submitted any evidence of bad faith by the Commonwealth in purportedly destroying physical evidence, and (2) did not rebut that the record reflects that at least some of the physical evidence (pictures of a cracked window pane) were not destroyed at all. <u>See</u> R&R at 11–12. Absent evidence of bad faith, Mr. Brooks' challenge to the Commonwealth's failure to preserve evidence is meritless. <u>See</u> <u>Youngblood</u>, 488 U.S. at 58 ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). Consequently, Mr. Brooks' PCRA counsel did not commit a "substantial" error that could have resulted in prejudice in failing to raise the destruction of evidence claim.

**2. Objection 2: Ineffective Assistance of Trial Counsel in Failing to Challenge Authenticity of Fingerprint Evidence**

Mr. Brooks argues in his second objection that the R&R ignored "unusual circumstances" surrounding the fingerprint evidence against him, to which trial counsel did not object. As with the failure of Mr. Brooks' PCRA counsel to assert the previous ineffective assistance claim, Mr. Brooks' PCRA counsel was not deficient by failing to raise a claim based on trial counsel's abstention from objecting to the authenticity of fingerprint evidence.

Mr. Brooks' habeas petition only challenges the ***authenticity*** of the fingerprint evidence. Mr. Brooks' objection to the R&R's discussion of the fingerprint evidence, however, does not substantively challenge the authenticity of the fingerprints. Instead, Mr. Brooks highlights topics on which his trial counsel might have cross-examined the Commonwealth's fingerprint witnesses, Detective Druding (who collected the fingerprint evidence) and Patrick Raytik (a latent fingerprint examiner for the Philadelphia Police Department).[3] Whether Mr. Brooks is correct or incorrect that his counsel should have questioned these witnesses about their comparison of the fingerprint evidence to potential matches with the prints of individuals other than Mr. Brooks, that line of questioning has no bearing on the authenticity and chain of custody of the fingerprint evidence. As the R&R makes clear, the chain of custody was properly established at trial. See R&R at 13–14. Mr. Brooks' PCRA counsel, therefore, was not deficient and did not prejudice Mr. Brooks by failing to challenge the lack of objection to the authenticity of the fingerprint evidence.

### 3. Objection 4: Failure to Excuse Mr. Brooks' Procedural Default

Finally, Mr. Brooks' fourth objection to the R&R appears to assert that under Commonwealth v. Battle, 879 A.2d 266 (Pa. Super. 2005), his procedural default should be excused to the extent that Mr. Brooks filed a *pro se* PCRA petition—while he was still represented by PCRA counsel who had previously filed a timely PCRA petition—alleging that PCRA counsel was ineffective. As with Mr. Brooks' other objections, his argument is meritless.[4]

---

[3] To the extent that Mr. Brooks' objections suggest that the Commonwealth withheld evidence from Mr. Brooks, in the form of a "computer generated list" of the fingerprints of "potential matches," Mr. Brooks' objections are not the correct vehicle for addressing any heretofore unraised claim under Brady v. Maryland, 373 U.S. 83 (1963).

[4] Mr. Brooks' fourth objection appears to more closely resemble a standalone request for relief than an objection to the R&R. Nonetheless, because the objection is meritless as a matter of law, the Court briefly addresses the substance of the objection.

The R&R adequately explains the procedural record regarding Mr. Brooks' *pro se* attempts to challenge the representation provided by his PCRA counsel. Mr. Brooks, through PCRA counsel, filed a PCRA petition on November 29, 2010. R&R at 3. After the Commonwealth moved to dismiss the petition, the PCRA Court granted the motion to dismiss on July 12, 2013. Id. at 3–4. PCRA counsel then filed an appeal on behalf of Mr. Brooks, after which Mr. Brooks filed (1) a *pro se* motion to assert "three instances of alleged ineffectiveness of PCRA counsel" and (2) a *pro se* appellate brief. R&R at 4. In response to these filings by Mr. Brooks, the Superior Court remanded the matter to the PCRA Court to "determine if Petitioner's apparent desire to waive his right to counsel was knowing, intelligent and voluntary, pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998)." Id. After the Grazier hearing, Mr. Brooks withdrew his request to proceed *pro se* and continued to be represented by PCRA counsel. Id.

Mr. Brooks argues that, under Battle, because he contemporaneously raised substantive challenges to the effectiveness of PCRA counsel's representation, the Superior Court was obliged to order PCRA counsel to address the ineffective assistance of counsel claims in an amended petition for remand. See 879 A.2d at 269–70. Mr. Brooks overlooks, however, that Battle is no longer good law nor was it when Mr. Brooks filed his *pro se* filings, having been abrogated by the Supreme Court of Pennsylvania in 2011. See Commonwealth v. Jette, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he Superior Court's fundamental misapprehension of the governing principles this Court laid out in [Commonwealth v. Ellis, 626 A.2d 1137 (Pa. 1993)], as further exemplified in [Commonwealth v. Rogers, 645 A.2d 223 (Pa. 1994)] and [Commonwealth v. Pursell, 724 A.2d 293 (Pa. 1999)], necessitates our rejection of its implementation of the so-called Battle procedure. Therefore, we reiterate that the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

In light of <u>Jette</u>, which was decided before Mr. Brooks filed any *pro se* challenge to PCRA counsel's effectiveness, Mr. Brooks' *pro se* filings with the Superior Court did not entitle him to an order that PCRA counsel file an amended petition or pleading under <u>Battle</u>. Consequently, his *pro se* filings do not excuse his procedural default.

## CONCLUSION

For the foregoing reasons, the objections to the R&R are denied and the R&R is approved and adopted. An appropriate order follows.

BY THE COURT:


<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE